# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HUSSEIN OSMAN ALI,** | **1:17-cv-00785-LJO-SKO** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CORRECT ORDER OF DISMISSAL (Doc. 15)** |
| v. | |
| **EARLY WARNING SERVICES, LLC,** | |
| **Defendant.** | |

## I. INTRODUCTION

Before the Court is a motion to correct order of dismissal filed by Defendant Early Warning Services, LLC, on July 14, 2017. Doc. 15. Defendant argues that dismissal without prejudice of this case, which was granted July 13, 2017, pursuant to Plaintiff's notice of voluntary dismissal under Federal Rule of Civil Procedure ("Rule") 41(a)(1), should have been with prejudice, because Plaintiff previously filed and voluntarily dismissed a case asserting the same claims. *Id*. Plaintiff did not file a response to Defendant's motion, and Defendant filed a reply on August 14, 2017. Doc. 15. For the following reasons, Defendant's motion is DENIED.

## II. BACKGROUND

Defendant is a company engaged in providing credit information and risk management services to financial institutions. Doc. 1-1 at 4. Plaintiff filed this case in the Fresno County Superior Court on May 8, 2017, alleging defamation, tortious interference with prospective economic advantage, negligence, and violations of California Business and Professions Code § 17200 *et seq*. in connection with Defendant's negative credit information reporting. Doc. 1 at 2 ¶ 1; Doc. 1-1 at 5-8. The complaint

1

was served on May 10, 2017. Doc. 1 at 2 ¶6. On June 9, 2017, Defendant removed the case to this Court. Doc. 1 at 2. On June 16, 2017, Defendant filed a motion to dismiss Plaintiff's claims. Doc. 11. Plaintiff filed a notice of voluntary dismissal on July 11, 2017. Doc. 13. Magistrate Judge Oberto duly entered an order noting that the action was dismissed without prejudice and directing the clerk of court to close the case on July 13, 2017. Doc. 14.

Defendant alleges that Plaintiff previously voluntarily dismissed a case which alleged the same claims as this action. Doc. 15-1 at 3-4; *see Ali v. Early Warning Servs., LLC*, No. 1:17-cv-00494-DAD-SAB, Doc. 15 (E.D. Cal. May 4, 2017). Defendant argues that, under Rule 41(a)(B), a second notice of dismissal operates as an adjudication on the merits, and Plaintiff's case should have been dismissed with prejudice. Doc. 15-1 at 4-5. Additionally, Defendant argues that, as Plaintiff has not filed an opposition, its motion should be granted. Doc. 18 at 2.

### III. STANDARD OF DECISION AND ANALYSIS

Under Rule 41(a)(1)(A)(i), "a plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Rule 41(a)(1)(A)(i) grants to a plaintiff "an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Rule 41(a)(1)(B) tempers this absolute right by providing that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

The effect of filing a notice of dismissal pursuant to Rule 41(a)(1)(A)(i) "is to leave the parties as though no action had been brought." *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999). The notice of dismissal is effective on filing, and no court order is required. *Wilson*, 111 F.3d at 692. "[O]nce a notice of voluntary dismissal is filed the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal." *Commercial Space Mgmt. Co*, 193 F.3d at 1076. "It does not matter what label the plaintiff

attaches to a second voluntary dismissal." *Id*. "[W]hether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe (and can be determined) only in a third action." *Id*.

In other words, it is not until a third action is filed that a court has jurisdiction to determine whether a second voluntary dismissal operates as a decision on the merits. "The preclusive effect of [a second] dismissal, if any, is for determination in a subsequently filed action that implicated the two dismissal rule." *Commercial Space Mgmt. Co.*, 193 F.3d at 1080. Once a Rule 41(a)(1)(A)(i) notice has been filed, "a court has no discretion to exercise." *Id*. at 1078. Accordingly, the Court cannot grant Defendant's requested relief. It makes no difference that Defendant's motion here is unopposed. The Court "lacks jurisdiction to do anything about it." *Id*. at 1080.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion is DENIED.

IT IS SO ORDERED.

Dated: **August 25, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE